UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP AHRENS, SR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

CASE No. 1:24-CV-1337

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 12); Plaintiff's Objection to it (ECF Nos. 13, 15), and the Commissioner's Response (ECF No. 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After review, the Court determines the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff's application for disability benefits stems from a January 2020 fall off a ladder that resulted in injuries and fractures along the left side of Plaintiff's torso and shoulder area. Plaintiff alleges the ALJ erred by concluding that Plaintiff retained the ability to do light work though his date last insured all the same. In his Objections, Plaintiff further contends the Magistrate Judge incorrectly determined the ALJ's decision is supported by substantial evidence. The question before this Court is not whether it would have independently arrived at the same RFC determination as the ALJ, but whether the ALJ's decision is supported by substantial evidence. The Court, upon de novo review, is satisfied that it is.

By all accounts, the January 2020 fall off the ladder resulted in acute injuries to Plaintiff's left-side ribs, clavicle, and thoracic vertebra. The record further reflects, however, that by November of that year, objective medical scans revealed that the fractures along the ribs and shoulder were largely healed, albeit with some misalignment. Plaintiff's thoracic fracture was treated with a brace and physical therapy, and on August 3, 2020, Plaintiff reported that the pain in his T11 region had largely resolved. (ECF No. 5-8, PageID.337). From there, it appears that Plaintiff remained relatively stable through his date last insured, but he reported ongoing pain and vertigo that was not responsive to pain management. Indeed, he says his pain—well documented with his reports throughout the record—is exacerbated by the very activities the ALJ found he was able to perform, and ultimately should have resulted in a disability finding.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R.

§ 404.1529(a); *see also, Hash v. Commissioner of Social Security*, 309 F. App'x. 981, 989 (6th Cir., Feb. 10, 2009). Agency regulations further provide, "if the individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his . . . her capacities to perform work-related activities." *Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, 2017 WL 5180304, at *8 (S.S.A. Oct. 25, 2017). The ALJ found that Plaintiff's statements regarding his symptoms and their limiting effects were inconsistent with the other medical evidence in the record, and specifically were inconsistent with the medical examinations from his providers that reflected normal gait and station, range of motion and strength. In his objections, Plaintiff contends that the ALJ failed to provide the "specific reasons" required by agency regulations for evaluating an individual's statements regarding his symptoms. *Id.* at *8. The Court disagrees. Pinpoint citations are not required, and the ALJ's discussion on pages 22 and 23 of the decision reflect much more than the single conclusory statement disapproved of in the regulations. *C.f. id.* ("[I]t is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'"). The ALJ's analysis suffices to trace the path of his reasoning and, as the Magistrate Judge furthermore found, is supported by substantial evidence. *See* (ECF No. 12, PageID.1233 (citing to Plaintiff's treatment notes)).

Moreover, even if the ALJ's summation amounted to a procedural violation of the agency regulation, remand is generally appropriate where the claimant demonstrates prejudice, that is,

3

something more than harmless error. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004). Plaintiff attempts to do so here with reference to April 20, 2022, medical opinion of Dr. Hyatt. As Plaintiff sees it, there is a disconnect between the functional limitations in Dr. Hyatt's report that the ALJ found were "persuasive" and the ALJ's ultimate RFC. But Plaintiff misreads Dr. Hyatt's conclusions. Dr. Hyatt was clear that "[f]rom a functional standpoint, there is *no indication for any continuing restrictions* with regard to the fracture of the left clavicle or the fracture of the vertebral body T11." (ECF No. 5-28, PageID.1155) (emphasis added). Dr. Hyatt—an orthopaedic surgeon—also opined that from an orthopaedic standpoint, Plaintiff's rib fractures had "healed sufficiently *to allow for normal activities*." (ECF No. 5-28, PageID.1156) (emphasis added). It is true that Dr. Hyatt noted "the residual pain along the left anterior chest wall remains functionally limiting," but he went on to remark that "the ongoing pain may serve as an indication for restrictions from the perspective of a thoracic surgeon" (ECF No. 5-28, PageID.1155). While Dr. Hyatt perhaps could have been clearer in this regard, it is patent that he declined to find any functional limitations, while acknowledging that a thoracic surgeon might find some restrictions warranted. This qualification, however, does not mean the doctor's opinion is inconsistent with the RFC or that the RFC is unsupported by substantial evidence.

Accordingly, the Court agrees with the magistrate judge following its de novo review that the ALJ's decision should be affirmed.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the opinion of the Court.

4

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.** A separate Judgment shall issue.


Dated:   February 9, 2026           /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE